D. AARON BROCK (State Bar No. 241919)
  ab@brockgonzales.com
DOUGLAS B. HAYES (State Bar No. 232709)
  dh@brockgonzales.com
KENDALL R. WEAVER (State Bar No. 354202)
  kw@brockgonzales.com
BROCK & GONZALES, LLP
6701 Center Drive West, Ste. 610
Los Angeles, California 90045
Telephone: (310) 294-9595
Fax: (310) 961-3673

Attorneys for Plaintiff
LEILANI BAILEY


GIANCARLO UREY (State Bar No. 267069)
  giancarlourey@dwt.com
MARIA ARAKELIAN (State Bar No. 327796)
  mariaarakelian@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILANI BAILEY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. **2:24-cv-00967-KJM-JDP** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Assigned to: <br> Hon. District Judge Kimberly J. Mueller <br> Hon. Magistrate Judge Jeremy D. Peterson <br><br> Trial Date: TBD <br><br><br> State Action Filed: February 23, 2024 |

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

# 1. INTRODUCTION

## 1.1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Eastern District Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 1.2. GOOD CAUSE STATEMENT

This action is likely to involve confidential and proprietary information that consist of, among other things, Defendant's confidential policies, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1. **Action**:  the subject lawsuit is an employment dispute titled *Leilani Bailey v. Lowe's Home Centers LLC*, United States District Court for the Eastern District of California Case No. 2:24-cv-00967-KJM-JDP.

2.2. **Challenging Party**:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. **"CONFIDENTIAL" Information or Items**:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4. **Counsel**:  outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5. **Designating Party**:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6. **Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. **Expert**:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8. **In-House Counsel**:  attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9. **Non-Party**:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10. **Outside Counsel of Record**:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of
2  that party, and includes support staff.

3    2.11.   **Party**:  any party to this Action, including all of its officers, directors, employees,
4  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

5    2.12.   **Producing Party**:  a Party or Non-Party that produces Disclosure or Discovery
6  Material in this Action.

7    2.13.   **Professional Vendors**:  persons or entities that provide litigation support services
8  (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and
9  organizing, storing, or retrieving data in any form or medium) and their employees and
10 subcontractors.

11   2.14.   **Protected Material**:  any Disclosure or Discovery Material that is designated as
12 "CONFIDENTIAL."

13   2.15.   **Receiving Party**:  a Party that receives Disclosure or Discovery Material from a
14 Producing Party.

15 **3.**   **SCOPE**

16 The protections conferred by this Stipulation and Order cover not only Protected Material
17 (as defined above), but also (1) any information copied or extracted from Protected Material;
18 (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
19 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

20 Any use of Protected Material at trial shall be governed by the orders of the trial judge.
21 This Order does not govern the use of Protected Material at trial.

22 **4.**   **DURATION**

23 Even after final disposition of this litigation, the confidentiality obligations imposed by
24 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court
25 order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all
26 claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after
27 the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

28

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 Action, including the time limits for filing any motions or applications for extension of time

2 pursuant to applicable law.

3 **5.      DESIGNATING PROTECTED MATERIAL**

4          5.1.    **Exercise of Restraint and Care in Designating Material for Protection**.  Each

5 Party or Non-Party that designates information or items for protection under this Order must take

6 care to limit any such designation to specific material that qualifies under the appropriate

7 standards.  The Designating Party must designate for protection only those parts of material,

8 documents, items, or oral or written communications that qualify so that other portions of the

9 material, documents, items, or communications for which protection is not warranted are not

10 swept unjustifiably within the ambit of this Order.

11         Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

12 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

13 unnecessarily encumber the case development process or to impose unnecessary expenses and

14 burdens on other parties) may expose the Designating Party to sanctions.

15         If it comes to a Designating Party's attention that information or items that it designated

16 for protection do not qualify for protection, that Designating Party must promptly notify all other

17 Parties that it is withdrawing the inapplicable designation.

18         5.2.    **Manner and Timing of Designations**.  Except as otherwise provided in this

19 Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

20 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

21 designated before the material is disclosed or produced.

22         **Designation in conformity with this Order requires:**

23         (a)     for information in documentary form (*e.g.*, paper or electronic documents, but

24 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

25 Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL

26 legend"), to each page that contains protected material.  If only a portion or portions of the

27 material on a page qualifies for protection, the Producing Party also must clearly identify the

28 protected portion(s) (*e.g.*, by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

4

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. **Timing of Challenges**. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process.

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) a Party;

(b) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(e)     the Court and its personnel;

(f)     court reporters and their staff;

(g)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party, if requested.

9.3.    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Party's confidential information responsive to the discovery request.  If the Non-Party timely

2  seeks a protective order, the Receiving Party shall not produce any information in its possession

3  or control that is subject to the confidentiality agreement with the Non-Party before a

4  determination by the Court.  Absent a Court order to the contrary, the Non-Party shall bear the

5  burden and expense of seeking protection in this Court of its Protected Material.

6  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8  Material to any person or in any circumstance not authorized under this Stipulated Protective

9  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

10 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

11 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

12 made of all the terms of this Order, and (d) request such person or persons to execute the

13 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14 **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
15 **         PROTECTED MATERIAL**

16 When a Producing Party gives notice to Receiving Parties that certain inadvertently

17 produced material is subject to a claim of privilege or other protection, the obligations of the

18 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

19 provision is not intended to modify whatever procedure may be established in an e-discovery

20 order that provides for production without prior privilege review.  Pursuant to Federal Rule of

21 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

22 communication or information covered by the attorney-client privilege or work product

23 protection, the parties may incorporate their agreement in the stipulated protective order

24 submitted to the Court.

25 **12.    MISCELLANEOUS**

26 12.1.    **Right to Further Relief.  Nothing in this Order abridges the right of any**

27 **person to seek its modification by the Court in the future.**

28

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

12.2.   **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.   **Filing Protected Material**.  A Party that seeks to file under seal any Protected Material must comply with Eastern District Local Rule 141.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**14.** Any willful violation of this order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 25, 2024                **BROCK & GONZALES, LLP**

D. AARON BROCK
DOUGLAS B. HAYES
KENDALL R. WEAVER


By:_____/S/ D. Aaron Brock_____
                    D. Aaron Brock

Attorneys for Plaintiff
LEILANI BAILEY


DATED: June 25, 2024                **DAVIS WRIGHT TREMAINE LLP**

GIANCARLO UREY
MARIA ARAKELIAN


By:_____/S/ Giancarlo Urey_____
                    Giancarlo Urey

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC


FOR GOOD CAUSE SHOWN,

IT IS SO ORDERED.


Dated:    June 25, 2024            _____
                        JEREMY D. PETERSON
                        UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

11

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Leilani Bailey v. Lowe's Home Centers, LLC*, United States District Court for the Eastern District of California Case No. 2:24-cv-00967-KJM-JDP.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

_____  _____
Signature                                    Date

_____  _____
Printed Name                              City/State where signed

12

STIPULATED PROTECTIVE ORDER
4892-6462-5095v.1 0086846-000106

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899